IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


JEFFREY HYRE,

      Plaintiff,

v.                                No. CV 14-0228 MCA/SCY

CURRY COUNTY DETENTION CENTER,
WARDEN TORI SANDOVAL,
OFFICER LECLEAR,
OFFICER SAUNDERS,
OFFICER TURCOTTE,
OFFICER KING,

      Defendants.


MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's original and amended 1983 Civil Complaints (Docs. 1, 3) (together the "complaint"). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)

1

(quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint,

the Court applies the same legal standards applicable to pleadings drafted by counsel but

liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th

Cir. 1992).

Plaintiff's claims arise from events that occurred after he lost the use of his legs in a fall

while leaving his cell on July 2, 2013.  Plaintiff alleges that on July 26, 2013, Defendant Leclear

"verbally threatened to paralyze [Plaintiff] from the waist up," and on March 14, 2014,

Defendants Turcotte and Saunders "verbally threatened to break [Plaintiff's] arm."  Plaintiff does

not identify specific constitutional protections that Defendants allegedly violated, but his claims

appear to arise under the Eighth Amendment.  He contends that Defendants' actions also violated

unspecified state law.  The complaint seeks damages.

Plaintiff's allegations against Defendants Leclear, Turcotte, and Saunders do not state

claims for relief under § 1983.  Plaintiff alleges that these Defendants threatened to paralyze him

from the waist up and break his arm.  The general rule, however, is that mere words, without

more, do not invade a federally protected right. *See Williams v. Levansailor*, No. 98-4006, 1998

WL 426865, at **1 (10th Cir. 1998); *see also Rivera v. Hassler*, 79 F. App'x 392, 394 (10th Cir.

2003) (ruling that female guard's falsely reporting inmate for stalking her did not amount to

cruel and unusual punishment); *and see Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)

(holding sheriff's threat to hang prisoner who asked to mail legal correspondence did not amount

2

to cruel and unusual punishment).  No relief is available on Plaintiff's allegations of verbal abuse, and the Court will dismiss these claims.

In the caption of the complaint, Plaintiff also names Curry County Detention Center, Warden Sandoval, and Officer King as Defendants.  No relief is available on Plaintiff's claims against these Defendants.  First, in an action under § 1983, "a detention facility is not a person or legally created entity capable of being sued."  *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n. 3 (10th Cir. June 21, 2000) (quoted in *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001).  Second, the complaint makes no allegations against Warden Sandoval and alleges only that Officer King gave his consent to Plaintiff to get a lunch tray.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official.  *See id.*  "[T]o present a plausible right to relief . . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008).  Plaintiff's allegations do not support claims for relief against Defendants Curry County Detention Center, Sandoval, or King, and the Court will dismiss Plaintiff's claims against these Defendants.

Last, Plaintiff contends that Defendants' alleged actions violated certain of his rights under state law.  In view of the dismissal of all federal claims against Defendants, the question arises whether this Court should exercise jurisdiction of Plaintiff's state law claims.  It is assumed for purposes of this opinion that this Court has "supplemental jurisdiction" of these

claims. *See* 28 U.S.C. § 1367(a).  The Court may, nonetheless, "decline to exercise supplemental jurisdiction over a claim . . . if-- . . . the district court has dismissed all claims over which it has original jurisdiction."  § 1367(c)(3).  Under the terms of the statute, the Court declines to exercise supplemental jurisdiction and will dismiss Plaintiff's state law claims without prejudice to his right to pursue these claims in a state forum.  *See Wishneski v. Andrade*, 572 F. App'x 563, 570 (10th Cir. 2014) (remanding with directions to dismiss state law claims without prejudice); *but cf. Styskal v. Weld Cnty. Bd. of Cnty. Comm'rs*, 365 F.3d 855, 859 (10th Cir. 2004) (rejecting assertion that federal court's dismissal of state law claims with prejudice precludes adjudication of the claims in state court).

IT IS THEREFORE ORDERED that Plaintiff's state law claims are DISMISSED without prejudice, otherwise the complaint is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE